THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAE Y. LEE *et al.*,<br><br>Defendants. | CASE NO. CR19-0228-JCC<br><br>ORDER |

This matter comes before the Court on the parties' stipulated motion for entry of a protective order (Dkt. No. 41). Having thoroughly considered the motion and the relevant record, the Court, finding good cause, hereby GRANTS the motion and ENTERS the following protective order:

1. This Protective Order governs all discovery material in any format that is produced by the parties in discovery in the above captioned case.

2. For purposes of this Order, the term "Confidential Discovery Materials" means documents or other items containing: (1) individually identifiable health information as defined in 45 C.F.R. § 160.103; (2) financial information to include bank account numbers of an individual or business; (3) individual tax return information; or (4) personal private information protected under W.D. Washington Local Criminal Rule 49.1. The term "Confidential Discovery Materials – Attorneys Only" means all personal bank account documents obtained by the

government from a bank.

  3. Counsel shall keep all Confidential Discovery Materials strictly confidential and shall not disclose information contained therein to any person other than a Defendant, agents of defense counsel, that is, those employed by defense counsel and any other persons retained and/or consulted by defense counsel for the purpose of assisting in the legal defense of this case, or to potential witnesses or their attorneys ("authorized persons"). For materials designated as Confidential Discovery Materials – Attorneys Only, these materials may be disclosed to defense counsel and their agents, but may not be disclosed to a Defendant.

  4. All Confidential Discovery Materials shall be used only for purposes of this litigation including, but not limited to, as necessary during discovery, motion practice and preparation for trial, unless a court orders otherwise for good cause shown.

  5. As to all persons who are provided, by the terms of this Order, authorized access to information in the Confidential Discovery Materials described in paragraphs 2(1)-(4), defense counsel shall advise each of these persons of the privacy and confidentiality of such information and his or her obligation not to disclose the information, and require such person to sign a copy of this Order to affirm his or her understanding of such person's obligation not to disclose the information before such information is disclosed, except that the Court's signed copy of this Order will be deemed to apply to the Defendant, any support or administrative staff working under the direction and supervision of defense counsel, and no signed Order need be obtained from a treating health care professional (as to their own current and former patients) and/or patients (about their own treatment), or from the cell phone or email account user (in the case of his or her cell phone or email communications).

  6. As to all persons who are provided, by the terms of this Order, authorized access to Confidential Discovery Materials described in paragraph 2, defense counsel may disclose the contents of such materials to authorized persons, as described in and pursuant to the terms of this Order; provided, however, defense counsel agrees not to physically provide or disseminate such

materials to any witness without the consent of the producing party or further order of Court; provided, further, however, that no restrictions shall apply to the use or dissemination of such material when shown or provided to the author or recipient of the text or email communication in question.

7. Counsel of record shall maintain all copies of this Order that have been signed under the preceding provision until the conclusion of this litigation, including any appeal.

8. No person, including the Defendants, who receives Confidential Discovery Materials from defense counsel is permitted to further disseminate or further disclose any such materials, or the information in them, for any purpose.

9. This Order shall not be construed to limit or otherwise require the parties to seek leave of the Court prior to filing with the Court any information protected by this Order, subject to the Court's local rules regarding the redaction of personal identifying information.

10. At the conclusion of this litigation, including any appeal, all Confidential Discovery Materials shall be returned to party who produced the information or destroyed at the direction of and with certification to the producing party.

DATED this 12th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE