THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0228-JCC |
| Plaintiff, | ORDER |
| v. | |
| NORTHWEST PHYSICIANS LABORATORIES, LLC, | |
| Defendant. | |

This matter comes before the Court on the Government and Defendant Northwest Physicians Laboratories, LLC's joint motion to proceed with a guilty plea hearing by video or telephone conference (Dkt. No. 68). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.   **BACKGROUND**

On November 6, 2019, Northwest Physicians Laboratories, LLC ("NWPL") and three other defendants were charged by indictment with scheming to solicit and receive kickbacks in connection with urine toxicology testing. (Dkt. No. 3.) Defendant Jae Lee, NWPL's Chief Executive Officer, pled guilty to count one of the indictment in July 2020. (Dkt. Nos. 56, 60.) After multiple continuances, trial is presently scheduled for April 26, 2021. (*See* Dkt. No. 67.)

NWPL and the Government have now reached a plea agreement and jointly move to

proceed with NWPL's guilty plea hearing by video or telephone conference. (*See generally* Dkt. No. 68.) According to the parties, a remote plea hearing is warranted to provide the company with certainty after years of investigation, provide clarification as to the posture of the case for the remaining co-defendants going forward, allow the Government to focus resources on other defendants' cases, avoid delay that could jeopardize the parties' negotiations, and reduce strain on court resources. (*Id.* at 3.) According to the motion, NWPL, through its authorized corporate representative, consents to a video or telephonic plea hearing. (*Id.* at 2.) Defendant Jae Lee is the corporate officer authorized to enter the plea agreement. (Dkt. No. 69.)

## II.  DISCUSSION

Because of the health risks posed by the COVID-19 pandemic, the Court may conduct a felony plea hearing by video or telephone conference if the defendant consents and the Court finds that the plea hearing cannot be further delayed without serious harm to the interests of justice. *See* Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, §§ 15002(b)(2)(A), (b)(4), 134 Stat. 281, 528–29 (2020); W.D. Wash. General Order No. 17-20 (Dec. 23, 2020), 14-20 (Sept. 24, 2020), 04-20 (Mar. 30, 2020). NWPL and the other defendants have been under indictment for over a year and under investigation for longer, and they have strong interests in the speedy resolution in this matter. But under General Order 18-20, in-person proceedings likely cannot resume safely in this District until at least April 1, 2021. *See* W.D. Wash. General Order No. 18-20 at 2 (Dec. 30, 2020). For this reason and the reasons identified in the stipulated motion, the Court finds that further delaying NWPL's guilty plea hearing, despite having already reached a plea agreement with the Government, would cause serious harm to the interests of justice.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS the joint motion to proceed with a guilty plea hearing by video or telephone conference (Dkt. No. 68). The Court ORDERS that NWPL's guilty plea hearing before a Magistrate Judge be set as soon as practicable and be conducted by

1  video conference. The Court DIRECTS the presiding judge to establish a record of NWPL's
2  consent for the hearing, in accordance with General Order No. 04-20.
3       DATED this 1st day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE